**LAMONICA HERBST & MANISCALCO, LLP**
*Proposed Counsel to Plaintiff Marianne T. O'Toole, Esq.,*
*as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Salvatore LaMonica, Esq.
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| 78-80 ST. MARKS PLACE, LLC, | Case No.: 21-12139 (MG) |
| Debtor. | |

-----------------------------------------------------------x

| | |
|---|---|
| MARIANNE T. O'TOOLE, ESQ., solely in her capacity as the Chapter 7 Trustee of the estate of 78-80 St. Marks Place, LLC, | |
| Plaintiff, | Adv. Pro. No.: 22-_____ (MG) |
| -against- | |
| LAWRENCE V. OTWAY, a/k/a LAWRENCE LORCAN OTWAY, a/k/a LORCAN OTWAY, EUGENIE OTWAY a/k/a EUGENIE GILMORE-OTWAY a/k/a EUGENIE GILMORE, SCHEIB'S PLACE, INC. D/B/A WILLIAM BARNACLE TAVERN, EXHIBITION OF THE AMERICAN GANGSTER, INC., THEATRE 80, LLC, and JOHN DOE CORPORATIONS "1" THROUGH "100", OTHER JOHN DOE ENTITIES "1" THROUGH "100", | |
| Defendants. | |

-----------------------------------------------------------x

# COMPLAINT

Plaintiff Marianne T. O'Toole, Esq., solely in her capacity as the Chapter 7 Trustee ("Trustee" or "Plaintiff") of the estate of 78-80 St. Marks Place, LLC ("Debtor"), by her undersigned proposed counsel, as and for her Complaint against defendants Lawrence V. Otway,

1

a/k/a Lawrence Lorcan Otway, a/k/a Lorcan Otway, Eugenie Otway a/k/a Eugenie Gilmore-Otway, a/k/a Eugenie Gilmore, Scheib's Place, Inc. d/b/a William Barnacle Tavern, Exhibition Of The American Gangster, Inc., Theatre 80, LLC (each a "Defendant" and collectively "Defendants"), and John Doe Corporations "1" Through "100", Other John Doe Entities "1" Through "100" (collectively, "Unnamed Defendants"), alleges as follows:

## NATURE OF THE PROCEEDING

1. By this adversary proceeding the Trustee seeks entry of: (a) an order and judgment directing the turnover of possession of the Debtor's real property known as and located at 78-80 St. Marks Place, New York, New York 10003 ("Property") to the Trustee by the Defendants and any Unnamed Defendants; and (b) money judgments against certain of the Defendants in amounts to be determined at trial for their respective use and occupancy of property of the Debtor's estate for the period of not later than May 24, 2022 through the date of turnover of possession of the property to the Trustee.

2. This adversary proceeding arises under the Debtor's pending Chapter 7 bankruptcy case.

3. The United States Bankruptcy Court for the Southern District of New York ("Court") has jurisdiction under 28 U.S.C. §§ 157 and 1334 and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§157 (b)(1), 157(b)(2) (A), (B), (E), (F) and (O).

5. Venue in this Court is proper pursuant to 28 U.S.C. §§1408 and 1409.

2

6. The predicates for the relief sought herein include sections 105, 541 and 542 of title 11 of the United States Code ("Bankruptcy Code"), Bankruptcy Rules 6009 and 7001, and applicable laws of the State of New York.

7. Plaintiff consents to the entry of final Orders and judgments by this Court if it is determined that this Court, absent the consent of the parties, cannot enter final Orders or judgments consistent with Article III of the United States Constitution.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

**A.     Parties**

8. Defendant Lawrence V. Otway, a/k/a Lawrence Lorcan Otway, a/k/a Lorcan Otway ("Lorcan Otway") is an individual who currently resides at the Property.

9. Lorcan Otway is the sole member of the Debtor.

10. Lorcan executed the voluntary petition commencing the Debtor's Chapter 11 case.

11. Lorcan Otway is currently a debtor-in-possession in a Chapter 11 case pending in this Court under case no. 21-12140-mg. Pursuant to a Memorandum Opinion and Order dated September 30, 2022, the Court granted Plaintiff's motion for relief from the automatic stay in Lorcan Otway's Chapter 11 case to permit the commencement of this adversary proceeding.

12. Defendant Eugenie Otway a/k/a Eugenie Gilmore-Otway, a/k/a Eugenie Gilmore ("Eugenie Otway") is an individual who currently resides at the Property with Lorcan Otway.

13. Upon information and belief, Eugenie Otway and Lorcan Otway are married and educated as lawyers.

14. Eugenie Otway is an attorney licensed to practice law in the State of New York.

15. Defendant Scheib's Place, Inc. d/b/a William Barnacle Tavern ("Scheib's") is a corporation existing and organized under the laws of the State of New York with a principal place of business at the Property.

16. Lorcan Otway is the president and sole shareholder of Scheib's.

17. Defendant Exhibition Of The American Gangster, Inc. ("Museum") is a corporation existing and organized under the laws of the State of New York with a principal place of business at the Property.

18. Lorcan Otway is the president and sole shareholder of the Museum.

19. Defendant Theatre 80, LLC ("Theatre 80") is a limited liability company existing and organized under the laws of the State of New York with a principal place of business at the Property.

20. Lorcan Otway is the manager and sole member of Theatre 80.

21. The Unnamed Defendants are those entities that are owned and/or controlled by Lorcan Otway and/or Eugenie Otway and are in possession of any portion of the Property (if any).

22. Plaintiff was appointed as interim Chapter 7 Trustee of the Debtor's estate and is currently acting in that capacity.

23. Plaintiff is authorized to assert her claims under section 323 of the Bankruptcy Code and Bankruptcy Rule 6009.

**B.  The Debtor and the Property**

24. The Debtor is a limited liability company organized and existing under the laws of the State of New York with a principal place of business at the Property.

25. The Debtor is the fee owner of the Property.

4

26. The Property is a mixed-use property that includes three residential units, storage space, and commercial space including a theater, bar and kitchen.

27. The Debtor does not operate any business other than the ownership of the Property.

**C.    The Forbearance Agreement**

28. The Debtor, Lorcan Otway, Eugenie Otway, Scheib's, the Museum, Theatre 80, and St. Mark's Mixed Use LLC ("Lender") executed a Forbearance Agreement dated as of January 14, 2021 ("Forbearance Agreement"), a copy of which is annexed as Exhibit A.

29. The Forbearance Agreement provides that, among other things, the certain Commercial Lease dated as of November 12, 2019 between the Debtor, as landlord, and Scheib's, as tenant, expired and terminated by its terms on November 12, 2020 and is no longer in effect.

30. The Forbearance Agreement provides that, among other things, the certain Commercial Lease dated as of November 12, 2019 between the Debtor, as landlord, and the Museum, as tenant, expired and terminated by its terms on November 12, 2020 and is no longer in effect.

31. The Forbearance Agreement provides that, among other things, the certain Commercial Lease dated as of November 12, 2019 between the Debtor, as landlord, and Lorcan Otway, as tenant, expired and terminated by its terms on November 12, 2020 and is no longer in effect.

32. The Forbearance Agreement provides that, among other things, the certain Commercial Lease dated as of November 12, 2019 between the Debtor, as landlord, and Theatre 80, as tenant, expired and terminated by its terms on November 12, 2020 and is no longer in effect.

33. The Forbearance Agreement provides that, among other things, the certain Commercial Lease dated as of November 12, 2020 between the Debtor, as landlord, and Scheib's,

5

as tenant: (a) was entered into in violation of the Debtor's obligations under certain loan documents and without the consent of the Lender (or its predecessor-in-interest); and (b) is hereby automatically forever terminated and without effect as of June 1, 2021.

34. The Forbearance Agreement provides that Scheib's shall vacate and surrender the premises under such lease by June 1, 2021.

35. The Forbearance Agreement provides that, among other things, the certain Commercial Lease dated as of November 12, 2020 between the Debtor, as landlord, and the Museum, as tenant: (a) was entered into in violation of the Debtor's obligations under certain loan documents and without the consent of the Lender (or its predecessor-in-interest); and (b) is hereby forever terminated and without effect as of the date hereof.

36. The Forbearance Agreement provides that, among other things, the certain Lease Agreement dated as of November 12, 2020 between the Debtor, as landlord, and Lorcan Otway and Eugenie Otway, as tenants: (a) was entered into in violation of the Debtor's obligations under certain loan documents and without the consent of the Lender (or its predecessor-in-interest); and (b) is hereby forever terminated and without effect as of the date hereof.

37. The Forbearance Agreement provides that, among other things, the certain Commercial Sublease Agreement dated as of November 12, 2020 between Scheibs Place LLC, as sublessor, and Theatre 80, as subtenant: (a) was entered into in violation of the Debtor's obligations under certain loan documents and without the consent of the Lender (or its predecessor-in-interest); and (b) is hereby forever terminated and without effect as of the date hereof.

38. The Forbearance Agreement provides that Scheibs Place LLC is not a legal entity; that the reference to "Scheibs Place LLC" was a typographical error and the correct name of the sublessor is Scheib's.

39. Under the Forbearance Agreement, among other things, if the Debtor failed to pay the Lender, the Debtor was required to list the Property for sale at $11,000,000 with the price decreasing each month through July 15, 2021, to a final listing price of $8,500,000.

40. Under the Forbearance Agreement, if the Property was not sold by August 15, 2021, the Lender had the right to foreclose without opposition.

41. The Property was not sold in accordance with the Forbearance Agreement.

42. On September 3, 2021, the Lender issued a Notice of Disposition of Collateral providing for a public auction on November 18, 2021.

**D.    The State Court Action**

43. On November 11, 2021, the Debtor, Lorcan Otway, Eugenie Otway, Scheib's, the Museum and Theatre 80 commenced an action in the Supreme Court of the State of New York, New York County ("State Court"), under Index No. 656446/2021("State Court Action") and contemporaneously filed a motion seeking to preliminarily enjoin the Lender's auction sale.

44. On November 29, 2021 the State Court "So-Ordered" a Stipulation of Settlement and Dismissal of Action signed by the Debtor, Lorcan Otway, Eugenie Otway, Scheib's, the Museum, Theatre 80, and the Lender fully resolving the State Court Action, which was entered by the State Court on November 29, 2021 ("Consent Order"). A copy of the Consent Order is annexed as Exhibit B.

45. The Consent Order agreed and acknowledged that, among other things, the Debtor's 2019 leases with Lorcan Otway and Eugenie Otway, the Museum, Scheib's, and Theatre 80 expired and terminated on November 12, 2020 and are no longer in effect.

46. The Consent Order agreed and acknowledged that, among other things, the Debtor's 2020 leases with Lorcan Otway and Eugenie Otway, the Museum, and Scheib's were wrongfully created and were terminated.

47. The Consent Order agreed and acknowledged that, among other things, the 2020 sublease between Scheib's and Theatre 80 was wrongfully created and was terminated.

48. The Consent Order agreed and acknowledged that, among others, Scheib's, the Museum, Theatre 80, Lorcan Otway, Eugenie Otway and all relatives of Lorcan Otway shall completely vacate the Property no later than December 30, 2021.

49. The Consent Order is final and non-appealable.

50. The Debtor failed to sell or refinance the Property in accordance with the Consent Order.

51. The Defendants failed to vacate the Property by December 30, 2021.

52. The Defendants remain in possession of the Property.

**E.  The Bankruptcy Case**

53. On December 29, 2021 ("Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Court.

54. By motion dated April 4, 2022, the Lender sought entry of an Order converting the Debtor's case to one under Chapter 7 of the Bankruptcy Code or, alternatively, appointing a Chapter 11 Trustee pursuant to sections 1104(a)(1) and 1104(a)(2) of the Bankruptcy Code ("Lender's Motion").

55. The Debtor opposed the Lender's Motion.

56. On April 27, 2022, the Court held a hearing on the Lender's Motion.

8

57. By Order dated May 17, 2022, the Court directed the appointment of a Chapter 11 Trustee for the Debtor.

58. Marianne T. O'Toole, Esq. was appointed as Chapter 11 Trustee for the Debtor.

59. By Order dated May 24, 2022, the Court approved the appointment of Marianne T. O'Toole, Esq. as Chapter 11 Trustee for the Debtor ("Chapter 11 Trustee").

60. By motion dated June 17, 2022, the Chapter 11 Trustee sought entry of an Order converting the Debtor's case to one under Chapter 7 of the Bankruptcy Code ("Chapter 11 Trustee's Motion").

61. The Debtor filed a limited objection to the Chapter 11 Trustee's Motion.

62. On July 21, 2022, the Court held a hearing on the Chapter 11 Trustee's Motion.

63. By Order dated July 25, 2022, the Court converted the Debtor's case to a case under Chapter 7 of the Bankruptcy Code.

64. During the period of May 24, 2022 to July 25, 2022, the Defendants did not pay the Chapter 11 Trustee for their use, occupancy or possession of the Property.

65. Since July 25, 2022, the Defendants have not paid any use or occupancy for their possession of the Property to the Trustee.

**FIRST CLAIM FOR RELIEF**
**(Turnover of Possession of Property of the Estate**
**Per 11 U.S.C. §§ 105, 541 and 542)**

66. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "65" as if set forth fully herein.

67. The Debtor is the sole owner of the Property.

68. The Property is property of the Debtor's estate.

9

69. Prior to the Filing Date, each of the Defendants agreed in the Forbearance Agreement that their 2019 leases relating to the Property expired and/or terminated on their own terms.

70. Prior to the Filing Date, each of the Defendants agreed in the Forbearance Agreement that their 2020 leases relating to the Property were forever terminated.

71. Prior to the Filing Date, each of the Defendants agreed in the Consent Order that their 2019 leases relating to the Property terminated and were no longer in effect.

72. Prior to the Filing Date, Defendants Lorcan Otway and Eugenie Otway, the Museum, and Scheib's each agreed in the Consent Order that their 2020 leases relating to the Property were wrongfully created and were terminated.

73. Prior to the Filing Date, Defendant Theatre 80 agreed in the Consent Order that its 2020 sublease relating to the Property was wrongfully created and was terminated.

74. The Consent Order agreed and acknowledged that, among other things, the 2020 sublease between Scheib's and Theatre 80 was wrongfully created and was terminated.

75. Prior to the Filing Date, each of the Defendants agreed in the Consent Order to vacate the Property by December 31, 2021.

76. Notwithstanding the Forbearance Agreement and Consent Order, by their respective occupancies, the Defendants remain in possession of the Property.

77. By their respective occupancies, each of the Defendants are wrongfully in possession of property of the Debtor's estate.

78. None of the Defendants are "custodians" as that term is defined in section 101(11) of the Bankruptcy Code.

79. There are no valid and existent lease agreements between or among the Debtor and any of the Defendants for their possession of the Property.

80. Any and all leases between or among the Debtor and any of the Defendants for their possession of the Property terminated prior to the Filing Date.

81. Each of the Defendants must vacate the Property.

82. Each of the Defendants must deliver possession of the Property and keys to the Property to the Trustee.

83. To the extent any Unnamed Defendants are in possession of property of the Debtor's estate, such Unnamed Defendants must vacate the Property and must deliver possession of the Property and keys to the Property to the Trustee.

84. By reason of the foregoing, and in accordance with sections 105(a) and 542(a) of the Bankruptcy Code, the Plaintiff is entitled to the entry of an order and judgment compelling the immediate turnover of possession and the keys to the Property to the Trustee by each of the Defendants and the Unnamed Defendants, failing which the U.S. Marshals Service shall forcibly remove the Defendants and the Unnamed Defendants.

## SECOND CLAIM FOR RELIEF
(Unjust Enrichment Per New York State Law)

85. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "84" as if set forth fully herein.

86. Each of the Defendants is occupying the Property.

87. Each of the Defendants has been occupying the Property since at least May 24, 2022 (the date of the appointment of the Chapter 11 Trustee).

88. By their respective occupancies, each of the Defendants are wrongfully in possession of property of the Debtor's estate.

11

89. None of the Defendants paid use or occupancy to the Chapter 11 Trustee.

90. None of the Defendants have paid use or occupancy to the Trustee.

91. Each of the Defendants has benefited from their continued use and occupancy of the Property.

92. Permitting the Defendants to enjoy use and occupancy of the Property without compensation to the Debtor's estate unjustly enriches each of the Defendants to the detriment of the Debtor and its creditors.

93. As a consequence of Defendants' use and occupancy of the Property without compensating the Debtor's estate for said use and possession, each of the Defendants has been unjustly enriched.

94. Equity and good conscience require that Defendants Eugenie Otway, Scheib's, the Museum and Theatre 80 make restitution to the Debtor's estate for the period of not later than May 24, 2022 through the date of turnover of possession of the Property to the Trustee.

95. Equity and good conscience require that any Unnamed Defendants using and occupying the Property make restitution to the Debtor's estate for the period of not later than May 24, 2022 through the date of turnover of possession of the Property to the Trustee.

96. By reason of the foregoing, the Plaintiff is entitled to money judgments against Defendants Eugenie Otway, Scheib's, the Museum and Theatre 80 and any Unnamed Defendants in amounts to be determined at trial for their respective use and occupancy of the Property for the period of not later than May 24, 2022 through the date of turnover of possession of the Property to the Trustee.

**WHEREFORE**, Plaintiff demands relief against each of the Defendants as follows:

i. on Plaintiff's First Claim for Relief, the entry of an order and judgment compelling the immediate turnover of possession and the keys to the Property to the Trustee by the Defendants and any Unnamed Defendants, in accordance with sections 105(a) and 542(a) of the Bankruptcy Code, failing which the U.S. Marshals Service shall forcibly remove the Defendants and the Unnamed Defendants;

ii. on Plaintiff's Second Claim for Relief, the entry of money judgments against Defendants Eugenie Otway, Scheib's, the Museum and Theatre 80 and any Unnamed Defendants in amounts to be determined at trial for their respective use and occupancy of the Property for the period of not later than May 24, 2022 through the date of turnover of possession of the Property to the Trustee; and

iii. such other and further relief as the Court deems just and proper.

Dated: September 30, 2022
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Proposed Counsel to Plaintiff Marianne T. O'Toole, Esq., as Chapter 7 Trustee

By:   *s/ Holly R. Holecek*
      Holly R. Holecek, Esq.
      Salvatore LaMonica, Esq.
      3305 Jerusalem Avenue, Suite 201
      Wantagh, New York 11793
      Telephone: (516) 826-6500